Alan Bloom appearing on behalf of Mr. Francis, the petitioner in this case. Somewhere in my brief, I say that the practice of law, and in this case the challenge of a young man to a sentence, which will, if it's denied, have the impact of leaving him in custody for the rest of his life, should not be an exercise or a practice in juggling jello. And I really think that has been where we are procedurally in our situation right here. There's the main argument, as I see it, and where I'm going to focus at the beginning of my comments, is the government's statement that the claim that Kelly v. Small rule of the hold and abeyance doesn't really apply here because Mr. Francis was not pro per, and somehow that's not necessary to have such a rule. And it's not necessary to have the hold and abeyance unless the person was pro per. I believe that's a clear presentation by the government in their situation. Kennedy. Well, of course, we've had cases where this hasn't been true. Alito. Yes, many cases. And I think the reason you need to name one, I think, as a matter of fact, because of the kindness of opposing counsel, we have several of them that are before the Court in that special letter. I think Smith v. Retell was such a situation. And I'm not sure if Hunt v. Plyler was or not. Kennedy. Fretterly v. Paskin was. Alito. Yes, but I got one. The Court only asked me for one, so I made one. The the the which one was that? I think it's Smith v. Retell was not an appropriate situation. Kennedy. Well, you know, when you say I think, it means I don't know. Alito. That's correct. Kennedy. I was really hoping you would give me something where we know. Smith v. Retell, huh? Alito. Yes. Kennedy. Let's take a look. And you think. And why do you think this? Alito. The prisoner, let's see if he was pro per. Well, there was Bill Larkin on one side, for sure. I forgot, but no matter. Kennedy. Well, no, I'm talking about that the State going through the early position. I think all of them converted into representation by counsel at later stages. Alito. On appeal. Kennedy. Pardon? Alito. I see, on appeal. Kennedy. Yes. Alito. Well, no, yeah, after the United States District Court, after the writ itself. So I was speaking about the writ itself. But the reasoning, if ever there should be a situation, I think. Kennedy. But we don't know about Smith, right? On March 7th, 1996, Smith filed pro se habeas corpus petition in Federal District Court. Alito. Okay. This is on page 815, fed, whatever. Kennedy. And Bramble, he filed pro se, so maybe it's not pro se. Alito. But Federley v. Paskett clearly was not. Kennedy. I'm sorry? Alito. Federley v. Paskett, trust me, was not pro se. Kennedy. Okay. Alito. You'll settle for that one? Kennedy. I will. Alito. You didn't cite it in your brief. Kennedy. I didn't cite it in the brief. These four cases which came out, which counsel presented to the Court, all came out after my brief, and I didn't file any supplement. Kennedy. Federley v. Paskett is old, has been around for quite some time, 1993. Alito. I stand educated, Your Honor. The principle, I think, behind that. I would have been even more pleased if you had said that I was persuaded by the Kaczynski dissent in that case, but you didn't say that. Kennedy. I apologize to the Court for not doing that. I was actually going to say that. Alito. In any event, there was a dissent, but, nevertheless, the opinion holds what it holds. Kennedy. I was focusing on the question of looking at this case and why in this case I think it's so very clear why in a situation where the Petitioner was represented by counsel, the hold and abeyance rule is just one which clearly should apply. And I was looking at the facts in our case here to come to that conclusion. Kennedy. Well, we clearly do have a hold and abeyance rule. And the question is, is the rationale of the rule such that it should apply exclusively or principally to self-represented Petitioners? That's what we're here to talk about. Alito. I think that's what we're here to talk about. Kennedy. And the reasons one might say it should apply only to self-represented Petitioners is because they are apt to make mistakes and they are apt to get confused in these difficult pathways. Alito. I think you start with the principle that you should. Kennedy. And the answer to that is so are lawyers apt to get confused. Alito. And so are judges. In this case, a magistrate judge. Kennedy. Not circuit judges. Alito. Certainly not, of course. Kennedy. Or part of international trade judges. Alito. Certainly not again. But the magistrate judges, nonetheless, might at one point, when they become educated, will move to that position, because one of the people who, I guess, made a mistake or overlooked one of the issues in this case was not only the State appellate lawyer or the government lawyer or me, but also the magistrate judge. Because in all of these circumstances, when we looked at this case, you might at some point look at my dissent in federally. But what I predicted there, and again, dissents are sometimes very helpful when you want to drive home the significance of an opinion, because you say, look, everybody understood what was going on. I worried that this would essentially create a back door that would undermine the whole process of having limited time periods for filing habeas petitions. Because you just bring your claim, and then you could say, well, hold it right here. I'm not going to go back to state court and try to adjust. And that's what's going on, isn't it? We have basically found a back channel around these strict ad par prominence. Yes, but if you're going to use it by analogy, I think it's a side way to get into the front door. It's a side way to get to the entrance way to get into the front door of the federal government. But if everything had been done the way it should have been done, is all the state law stuff should have been taken care of first. Yes. It should have been exhausted. It should have been presented, and either you get relief there, ha, not likely, but at least theoretically possible, or it's denied, in which case you then come into federal court fully exhausted. Every claim you raise to the federal court, you can say, I've raised it to state court. I asked the state judges, and they wrongfully didn't raise it. That's the way it's supposed to work. Yes. As a practical matter, though, what happens is people raise some things, and they come over here, and then they realize, oh, wait a minute, I had a bunch of other stuff I wish I could have raised. And meanwhile, the time has run. That's even more subtle than that, although in this situation, at least in our case here, it's not a question of whether the issue was raised regarding the right to jury. It's a question of whether or not it was placed before the Cal Supreme Court on the question of the federal grounds of right to jury, and the title of the chapter regarding it said constitutional challenge, didn't say U.S. constitutional challenge. And the federal cases were submitted, but the question is whether or not that put the Cal Supreme Court on notice. So here you have a very, very, very, I wouldn't call it the back door. I'd call it maybe slightly an angle or two off from the door. I mean, you have a situation here where you have very diligent work having been presented in an attempt to exhaust this issue. You are not appealing or did not appeal the determination that this was not exhausted. Oh, yes, I did. This Court rule granted the COA only on the question of whether on the limited question that we have here today. I most definitely did appeal on the fact that it wasn't exhausted. I think it was. In this appeal. In this appeal. I thought it was. And we simply did not grant the COA on that. Correct. You didn't grant it on that ground. You granted it on a limited ground of just the question of whether or not. And you did not further argue for an expansion of the COA? No. In this Court, when I presented to the Court and the Court said you may not do it, you could only do one, I took the Court and did it. I'm not blaming you. I'm not casting a speculation. Right. I'm trying to. That is correct. To understand where we stand. That is correct. I'm not even addressing it to this Court. I'm just the Court raised it up in an oblique way as to how to get, as to what was – I took it as an inference as to what was diligent and what was not diligently done. The Court gave us this example, the fact of issues totally forgotten and then try to get them in later. And I was making the correction of this record, that it wasn't such a certain thing. You raised the issue, but you used the wrong heading. Yes. That's the substance of the – And presented Federal cases and so forth. And did present Federal cases to the DCA and the California Supreme Court. And it was – I'm sorry. You want to say it was an abuse of discretion of the district judge not to hold us in abeyance in the situation where it appeared to counsel and at least one judge that it had been exhausted. And the issue – So that's the narrow – and you want us to say that it was an abuse of discretion in that situation not to hold it in abeyance? I think that's all you have to go in this case to grant it. I frankly think that the second Zarbella decision that seems to expand that to a certain extent and basically says that it may be the only appropriate action, the holding of abeyance may be the only appropriate action in this circumstance, I think is good law, because I think we should have a bias in favor of deciding issues on the merits, cases on the merits. But in this case, I think there also can be the finer distinguishment, the finer point of what Your Honor just says. As far as – There's one more thing, if I can say, with regards to – it's not only that one magistrate judge did it. It's that upon the first time that the issue was clear and the government and I and the magistrate judge finally are on notice that it's not a question of right to jury, but a question of whether a right to unbiased jury or unanimous jury, and finally those issues are severed and so forth, and now that's going to be the issue, that after that is first presented, then there was the request for a stay in abeyance, a hold on abeyance situation. So we can even talk about the diligence in this case being even above what the Court – I think the district court's reason for not giving abeyance was that it – that you waited too late to hold – to ask for the – to be held in abeyance. Was that the idea? I don't think there was a decision as to that. I did ask for reconsideration after the Court issued its decision and said, here you have two choices. One of – dismiss it without prejudice, which really was illusory because of the time period it really was with prejudice, or abandon the claim entirely. It didn't give me the option of hold and abeyance. And then I requested the reconsideration of that, saying that now for the first time you have told us that the issue now that you're saying has not been held in abeyance or has not been exhausted is this split of the Sixth Amendment, right to unanimity as opposed to right to unbiased jury. And so for the first time then I requested the hold and abeyance. And my recollection is that upon response the Court simply did not – took my response as a non-selection of one of the issues and simply dismissed it without prejudice. I don't recall if the district court actually made a ruling and said that we were requesting it too late. That is the government's position that we did it. Ginsburg. I'm wondering, is there anything left to the district court's discretion? I mean, if the district court really didn't deal with this, it should be quite an instruction, basically, to the district court to hold and abeyance. But I'm wondering if there's any discretion left. Verrilli, I'm sorry. At this stage of the proceedings or at the first stage? Ginsburg. I guess it could – if you could win two ways, we can either send it back and say hold and abeyance or send it back and say decide whether to hold and abeyance. Oh, I see what you're saying. I see what you're saying. Well, there's three ways. And the other – well, the other way is the one he doesn't want for sure. Well, that's – no, I guess there's a fourth way. You could hold – you must hold an abeyance in such a circumstance similar to the standard of Zardella. Right. But the third way, the third way would be to expand the certificate of appealability and hold that it was exhausted. I know you're not asking that. You're not allowed to ask. I'm just saying – We did ask for that, but I don't think that's before us. If we're considering all the options here. Well, I don't think – I don't think that's within your four corners of the COA you're granted. Well, of course, but we can always expand the COA. Okay. It's one of them hand-pulsing apparently. All I can – I'm not saying we will or should, but if we're just sort of laying out all the options, that's one of the options. If you expand the COA, I guess you can. But with regard to the Justice's question regarding is there something to send back to the Court, I would say in these circumstances that the diligence of the parties in attempting to exhaust this issue has clearly been met, and the decision should not be to say at this point to make a determination of whether or not there has been diligence, because I think the record is very clear that there was. If you look at what the attorney did in the State court, what we did here, what the people's argument was, and even what the magistrate judge knew to be the case, I think the diligence is clearly shown, and the Kelly v. Small and Ford and Zarbella make it – make it – well, even without the expansion to Zarbella, make it clear that the hold and abeyance should be required. You've got minus four and a half minutes left. Okay. I have so much more to say, and it was all very good. Thank you very much. Thank you. We'll hear from the State. Please, the Court, Deputy Attorney General Gary Roser for the State. We're not making the argument that the stay and abeyance procedure should not apply in cases where Petitioner is represented by counsel while the circuit is clear. At this point, the stay and abeyance procedure exists. What we're asking here is whether Judge Miller abused his discretion, and that is the key issue. Well, didn't he – wasn't he under the impression that the option of going back to State court still existed at the time he ruled the claim was not exhausted? Well, Petitioner can always go back to State court and file a State petition. But the statute had run, so that's a pretty empty – He may not be able to come back to Federal court. Right. But the point – but the really key point in this petition is that Judge Miller found, based upon unequivocal facts, that this Petitioner's lawyer had noticed that the claim was unexhausted before the statute of limitations ran. How did that notice come about? The district court had – the district judge had not ruled. That's true. There was no ruling, Your Honor. But he's represented by counsel. And in every single litigation in every single courthouse of this land, attorneys have to make decisions about what the risks and benefits are of taking a certain position. And up to that point, the Petitioner's counsel had won. The magistrate judge has said, you're right. No. That ruling came after the statute of limitations ran, Your Honor. The magistrate's ruling came after the statute of limitations ran. But what we have – I guess what he's saying is that he has – he has a – what he thinks is a good-faith, lawyer-like, sustainable, he hopes, argument that the claim is exhausted. He has to, in the face of the possibility at that point that the claim is not exhausted, he has to abandon what's going on in Federal court and go back and go again to State court? Well, he has three options, and all of them supported by the law of this circuit before the time came. Number one, the one supplied by the statute, the one that Congress authorized, was he can go to State court and file a protective petition. That's about a 10-minute job. You put a new title on there, and you write the Sixth Amendment and make your claim explicit in the State supreme court, and now your statute of limitations is told. The second one is he could have asked for the State before the statute of limitations ran. There was a circuit authority giving him that, and, in fact, in Ford v. Hubbard, the pro se petitioner managed to do that before the statute of limitations ran. And the third thing is he could have asked for equitable tolling under this Court's decision in – I'm slipping my mind now – Beeler. And so all of those could have been done. The fact of the matter is, though, Judge Nelson, you know, he didn't even need the district court for relief. He could have gone simply under a DEPA and filed a protective State petition. And that's all if the attorney is supposed to read that petition for review that was filed and make a lawyer-like determination about whether that claim is exhausted or not. Now, in Duncan v. Henry, the United States Supreme Court said, hey, if you want to exhaust a claim, you exhaust it in State court, and you say it's a Federal claim, and then you present the Federal claim in Federal court, Duncan v. Henry. It makes it so crystal clear that what we're supposed to be dealing with is, you know, putting the State court on notice that this is a Federal constitutional claim. It's not hard to do. You can do it in one sentence every single time. I – if you read this petition for review, which is – Although it seems to me we get a lot of litigation on it. I read the case of Reese against Baldwin. Yes, I know. All right. We do get a lot of litigation on that. That case has gone through the Ninth Circuit with an excellent dissent, and now it's in the Supreme Court. So it's not crystal clear on how you present these things. No. It's not always crystal clear whether a claim is exhausted. The attorneys need to make decisions. What is crystal clear, though, Judge Nelson, is that you can exhaust a claim very simply by saying, my client's Sixth Amendment right to a impartial jury under the Fourteenth Amendment of the United States Constitution was violated. How hard is that? And what happens to the Federal claim while you're doing that? Say again? What happens to the Federal claim while you're doing that? While he – I'm sorry. I'm still not hearing you, Judge Kuczynski. What happens to the Federal petition while you're off in State court doing this? Well, it's happened to me before, and so I usually inform the court that there's a State habeas petition pending on the exact same issue, and so then they hold it, or, you know, the State's premature to rule on it at this time. But I would assume what a lawyer would do under those circumstances is inform the possibility that my claim might not be exhausted. I filed a protective State habeas petition. I would go to court and figure it out, what the judge wants to do. But the real point is, and this is a good – You're calling it a protective State habeas petition because it's going to stop the statute of limitations, right? It will, under 2254. Okay. And it's the one – it's the one – it's the one statutorily authorized way that Congress gave to do it. And otherwise, Congress gave a one-year statute of limitations, the purpose of which is to make sure that these collateral proceedings take place in a timely fashion so the State is not prejudiced by this longer delay. At this point, I mean, can you imagine the chaos that's going to result if attorneys can litigate their case to conclusion, and once they've made their tactical decision and they've lost, can be bailed out by a district court State habeas procedure to go back to State court now, months after the decision, and play this whole rigmarole game that is absolutely, unequivocally not what Congress intended when it enacted the one-year statute of limitations? That's what I said in Fennelly, in my dissent. Yeah, I – I'm pretty sure that's what exactly what I said. I know you're looking for a citation of that case, Your Honor, but, you know, we're dealing with the death of Harrison 1996 statute. The point is, the majority didn't pay heed, and it is the law of the circuit. Yeah. So what do we do with that? Fennelly was represented by counsel, and we said, you've got to hold it in abeyance. You've got to hold it while he goes to State court and exhausts. Well, I don't – you know, I – You know, what do you do with that? Federalese the 1993 case, correct? I'm sorry? Federalese the 1993 case? Yes. Yes. A depo was enacted in 1996, so we're taking a look at this issue fresh under a depo with a new statute of limitations. Why – why would that make a difference? It changes statute of limitations, but it doesn't change rationales. Because this Court held – As to – as to what happens with tolling and when you're supposed to hold things in abeyance to allow version. Well, my understanding of the law in the circuit under Calderon v. District Court Taylor in the footnote in that opinion, that it's still an abuse of discretion standard. The place where the district courts are under the thumb of the Ninth Circuit is when you've got a pro per petitioner. But there are – there is no case from this circuit holding that after a depo that the district court must grant a stay after – in a situation like that. There is none. In fact, the law is crystal clear that they have discretion. Now, in this case, Judge Miller exercised his discretion to deny it for very good reasons. One, the petitioner was on notice that this claim was exhausted before the statute of limitations ran and took none of the precautionary methods. The petitioner was represented by counsel, so we're not dealing with any of the concerns in Ford v. Hubbard about them not knowing how the technical requirements are supposed to be worked with. And the district – so represented by counsel on all this notice. The notice is pretty – if you've read the magistrate's notice that was sent out to counsel two months before the statute ran, I mean, it told them, be careful, be sure that your claim is exhausted. It told them the statute of limitations is looming, so be careful. It told them a State habeas petition told – it told them the Federal petition does not. And then a month before the statute ran, an argument based on all the law of the circuit in my – in my petition – in my motion to dismiss explained why none of these claims were exhausted. And so at that point, Your Honor, you have an attorney which, you know, early in the earlier arguments here today, it seems this Court wants to hold them to the standard of knowing what the law is and advocating their case in front of the Court who has – has this attorney-like decision to make whether to litigate the case it is, win or lose, go to the State court and protect, go to the district court and ask for some sort of relief. And this attorney made the choice, litigated and lose. And only – you know, it's only six months later after losing, it's saying it's mandatory that the district court must grant stay in abeyance at this point? I just – I understand what you say are the reasons why the Court should have not exercised its discretion to hold them in abeyance. Did the Court say any of this? Yeah. Oops. Excuse me, Your Honor. You have the – you have the order of the district court. First of all, at page 3 of the excerpts of records, you have the portion of the order where it holds clearly that the claim is not exhausted and that it's not exhausted because the Petitioner never cited the Sixth Amendment and it's devoid of any reference to the Sixth Amendment or the United States Constitution. So what the clerk is saying there is it should have been obvious. And then on page 6 of the district court's order, which is page 6 of the excerpts of records in the middle of the page, the Court says, as Respondent notes, Petitioner was on notice that this claim was not exhausted prior to the running of the statute of limitations. Rather than requesting the Court employ this procedure at that time, Respondent waited until well after the statute had run to make such a request. And he was on notice that it wasn't – wasn't exhausted by what? Well, he was on notice by the motion to dismiss showing that it hadn't been exhausted. Okay. So the motion to dismiss, that is your argument, put him on notice, even though later on the magistrate disagreed with it? Yes. The magistrate did disagree. It was incorrect. And also you have the magistrate's earlier order, Your Honor, about a month before that warning them. But the real question is, are attorneys held to – are attorneys going to be bailed out by the stay-in-abeyance procedure every time they make a poor tactical decision? And I want to just bring it around to just one more inquiry on that, because since the inception of the stay-in-abeyance procedure as the concurring opinion in Duncan v. Walker, the two justices authored by Stevens, he makes it crystal clear, at least in that concurring opinion, this is an equitable power of the Federal court. So, you know, if you look to the other, you know, the other equitable barometer, which is equitable tolling, this Court has held twice now that – that equitable tolling of a statute of limitations is not available where you have attorney negligence. Well, here we have a case of attorney's tactical decision with notice where equitable tolling clearly would not be available, and you're going to extend the other equitable remedy to bail them out. That seems inconsistent. And on top of that, you have, of course, the United States Supreme Court's decision in Irwin, which held that equitable tolling is not available for attorney negligence. So the bottom line is, is you've got – you've got – the Petitioner is seeking to have an equitable tolling of the statute of limitations where this Court has previously not given any. Is the claim proceeding in the State court now or not? I don't know, Your Honor. I can tell you that I have not been served a copy of the State petition. Maybe they're doing it without you. It's possible. It's happened before, where usually it's pro State petitioners file them, and they don't know to serve our office, so we're not aware that it's taking place until sometime later, unless there are other questions. Okay. Thank you, Your Honor. Thanks. One moment. Can I go five and a half minutes, please, ma'am? If you've got time, I can cut out the four and a half minutes. All right. One minute, then. I only wanted to address one final point, and that is to talk about the question of this notice that was given and the unfairness of its representation here. This was a situation where the notice that was given in the motion to dismiss and so forth dealt with the question of a Sixth Amendment right to jury. It wasn't and the position was that these issues had been presented in to the State court through the presentation of the Federal law on the matter. The mistake is made just again, even just now by argument by the government, when he talks about the right to impartial jury, because it wasn't until the United States district court judge, not the magistrate judge, but beyond that, for the first time said we're not just dealing with impartial jury, we're dealing with impartial jury and a claim to unanimous jury. It was then when the U.S. district court in effect split those two issues and in effect said that those Federal cases which were cited to the State supreme court did in fact satisfy one of those, but didn't satisfy the other. Only then was there any possible knowledge that there could be an issue which still remains when you had to split that Sixth Amendment right. And at that point, then, the holding of balance was requested. And I think you haven't gone to State court to try to exhaust that now. We have requested the opportunity to do that. And we actually requested it before the actual rules were presented and so forth. Why do you need to request it? To hold an abeyance, to hold the Federal matters in abeyance. You don't necessarily need to hold the Federal matters in abeyance. You could be proceeding in Federal court on the remaining claims. I think you've got other claims. And then if you exhaust before the case is over, you could move to amend. Yet a different procedure that we should look forward to. Frankly, the ‑‑ I don't know how long the procedure that we will ‑‑ Why don't you go to law school? Well, there's a lot of creative things in order to do this, and I'm glad to show that there are, even as we're presenting here today. I mean, you ‑‑ one option is to simply drop it now to not even, you know, litigate this question here as to whether you need to drop it or not, but all this time you could have been spending exhausting or trying to exhaust the State court. And depending on which train arrives at the station first, you might not have a problem at all. Well, the chance of adding it at some later point is also not part of ‑‑ It's much easier to add if you have exhausted it and now want to amend. Well, to be honest, in terms of what's absolutely easiest is simply to do what we requested to be done in this case, is to have the opportunity to do it. Thank you. Okay. The case is signed and will stand submitted.
judges: Kozinski, Tg Nelson, Restani